# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MADDIE SINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:19-cv-2431-JPM |
| ) | |
| THE UNIVERSITY OF TENNESSEE HEALTH ) | |
| SCIENCES CENTER, ) | |
| ) | |
| Defendant. ) | |

# ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT AND SETTING STATUS CONFERENCE

This cause is before the Court on Parties' Stipulation Regarding Defendant's Motion to Set Aside Entry of Default filed on March 16, 2020. (ECF No. 19.) As the Plaintiff has withdrawn her opposition to Defendant's motion, and because Defendants' motion is well taken, it is GRANTED. The Court hereby sets a telephonic scheduling conference for Wednesday April 8, 2020 at 2:00 pm.

Procedural History

Plaintiff filed her Complaint on July 8, 2019, alleging that she was discriminated on the basis of her sex, her transgender identity, and "specifically her nonconformity with gender stereotypes." (ECF No. 1 at PageID 1.) She sought relief pursuant to Title VII. 42 U.S.C. 2000. (Id. at PageID 2.) Defendant was properly served on July 9, 2019. (ECF No. 6.) The Defendant failed to file any responsive pleading within the time permitted under Federal Rule of Civil Procedure 12(a)(1)(A). (ECF No. 9.) Plaintiff filed a Motion for Entry of Default on August 21,

2019. (ECF No. 8.) The Clerk of Court according granted this motion on August 22, 2019. (ECF No. 9.) The Defendant filed its' Motion to Set Aside Entry of Default on August 30, 2019. (ECF No 11.) Plaintiff Opposed the Motion on September 20, 2019. (ECF No. 13.) Defendant filed a Reply on September 20, 2019. (ECF No. 14.)

Legal Standard

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Sixth Circuit instructs that, "[a]lthough the decision lies in the discretion of the court, in making a determination the court should consider: (1) whether default was willful; (2) whether setting aside default would prejudice plaintiff; and (3) whether there is any merit to the alleged defense." Greer v. Home Realty Co. of Memphis, Inc., No. 07-2639, 2010 U.S. Dist. LEXIS 152147, at *2 (W.D. Tenn. May 11, 2010) (citing United Coin Meter Co., Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir. 1983).). "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." United Coin Meter Co. v. Seaboard C. R.R., 705 F.2d 839, 845 (6th Cir. 1983). Because "[t]rials on the merits are favored in federal courts" a significant abuse of discretion "is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default." Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 193 (6th Cir. 1986).

Defendant's Failure to File Responsive Pleadings was Not Willful

The Defendant provides two reasons for the failure. First, Defendant argues that Plaintiff failed to file the return of service within 7 days after service, as required by Local rule 4.1(e). (ECF No. 12 at PageID 68.) The Defendant asserts that, if Plaintiff had filed that return of

service, then Defendant would have looked at the Complaint and filed an answer. (Id.) The Defendant also argues that its failure to respond was due to administrative error. (Id.)

The Plaintiff argues that these reasons do not amount to good cause. (ECF No. 13.) The Plaintiff has since stipulated that the entry of default should be set aside, and the Court interprets this stipulation as Plaintiff withdrawing her opposition.

The Court is not persuaded that the Plaintiff's delay in filing a return of service is a good reason to not timely file responsive pleadings—especially given the Defendant concedes that they had actual notice of the filings. (ECF No. 12 at PageID 68.) However, the Sixth Circuit asks only whether the failure to file was "willful." The Sixth Circuit, in practice, looks for indicia of bad faith. Shepard Claims Serv., Inc., 796 F.2d at 194. For instance, the Court is instructed to see if the conduct of the Defendant displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Id. And although ignoring a pending law suit despite actual knowledge reflects a conscious decision, Defendant's asserted bureaucratic reason for delay is an excuse that hardly demonstrates an "intent to thwart judicial proceedings."

Setting Aside Default Will Not Prejudice Plaintiff

The Defendant argued that the delay in filing responsive pleadings would not prejudice the Plaintiff because "little time has passed" since Plaintiff filed her complaint. (ECF No. 12.) While significantly more time has elapsed since the case was filed, had the Defendant not failed to file responsive pleading, the case would have been scheduled in accordance with Federal Rule of Civil Procedure 16. Still, the Plaintiff will not be prejudiced by the delay. First, the Plaintiff has withdrawn her opposition to the Motion to Set Aside Default, indicating that she consents to

the case proceeding. Second, the underlying claim is the subject of a pending Supreme Court case.

Essentially, whether it is possible for Plaintiff to have a meritorious claim under this statute is pending before the Supreme Court. R.G. & G.R. Harris Funeral Homes, Inc. v. EEOC, 139 S. Ct. 1599 (2019) (cert. granted). The Supreme Court heard oral argument on October 8, 2019 on the question "Does Title VII of the Civil Rights Act of 1964 prohibit discrimination against transgender employees based on (1) their status as transgender or (2) sex stereotyping under Price Waterhouse v. Hopkins, 490 U.S. 228 (1989)?" (Id.) The Court has not yet issued a ruling. (Id.) This claim is one for employment discrimination under Title VII on the basis of Plaintiff's transgender status and gender stereotypes. Nevertheless, this case shall proceed unless Supreme Court precedent demands otherwise.

Because the case relies on law that is currently unsettled and actively under deliberation by the highest Court, the lost time in this case will not prejudice the Plaintiff. A ruling by the Supreme Court on this exact issue, either for or against the Plaintiff, would affect the case regardless of what stage in the litigation the claim was in.

Defendant May or May Not Have a Meritorious Defense

The Defendant asserts that they do have a meritorious defense because they defeated an EEOC charge. (ECF No. 12.) Defendant also provides 7 declarations from the attorney on the case as well as other employees, arguing that Plaintiff lacked the requisite qualifications to perform the job that she had been doing, and was terminated for that reason alone. (ECF No. 12, see also ECF Nos. 12-1–12-7.) The Plaintiff asserts that these reasons are strictly pretextual, and

that she was qualified for her position. (ECF No. 13.) Neither party has established that they are more likely to succeed on the merits of this case.

As stated supra, the governing case providing Sixth Circuit precedent that workplace discrimination on the basis of transgender status or due to "stereotypes" about gender is protected under Title VII is the exact case under examination by the Supreme Court. EEOC v. R.G., 884 F.3d 560, 566 (6th Cir. 2018) cert. granted, R.G. & G.R. Harris Funeral Homes, Inc. v. EEOC, 490 U.S. 228, 2019 U.S. LEXIS 2846 (U.S., Apr. 22, 2019). It is therefore possible that Plaintiff may lack a colorable federal claim, and this court may not have subject matter jurisdiction. Until and unless the Supreme Court issues a ruling to the contrary, the case will proceed.

Conclusion

For the reasons stated, Defendant's Motion to Set Aside the Default Judgment is GRANTED. The Court hereby sets a telephonic scheduling conference for Wednesday April 8, 2020 at 2:00 pm.

**IT IS SO ORDERED,** this 28th day of March 2020.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE